IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-20118

---

ORIN LEE MOLO,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas

---

March 28, 2000

Before POLITZ, JOHN R. GIBSON,[*] and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The district court dismissed Orin Lee Molo's habeas petition as time-barred.  Molo appeals that dismissal, offering a variety of arguments to invoke equitable tolling.  Finding none of these adequate, we AFFIRM the dismissal of Molo's habeas petition.

I.

Molo was convicted of robbery by assault on October 2, 1968. His punishment was enhanced for a previous felony conviction, and he was sentenced to life imprisonment.  He claims that he is actually innocent of the offense because he was insane at the time he committed it.  He demanded money and food from people while

---

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

waiting in a parking lot for his mother and doctor to discuss his psychiatric condition. He raised an insanity defense, and there was competing psychiatric testimony on the sanity issue. Two jurors testified at Molo's motion for a new trial that they believed he was insane but voted to convict because they thought he should be confined to receive treatment for mental illness.

Molo claims that no appellate court has ever reviewed his claim on the merits. The Texas Court of Criminal Appeals affirmed Molo's conviction on January 7, 1970 because his attorney failed to file a timely appellate brief. His subsequent attorney raised a jury misconduct claim in a second application for writ of habeas corpus February 5, 1975, which was denied without written order. Molo filed a *pro se* application for writ of habeas corpus on November 17, 1975, asserting an ineffective assistance of counsel claim and a claim that he was denied the presumption of innocence because he was dressed in prisoner's clothing at his trial. That application too was denied without written order. Molo filed another state habeas application through his present counsel on December 10, 1997, which was dismissed as a successive writ.

Molo filed a federal habeas petition on August 25, 1998. The district court dismissed the petition as barred by the AEDPA's statute of limitations set forth in 28 U.S.C. § 2244(d). Recognizing that he had missed the filing deadline, Molo urged that the exceptional circumstances of the case justified equitable tolling. The district court held that equitable tolling was available only when the petitioner had been prevented from filing

on time, and that Molo made no such claim.   The district court granted Molo a certificate of appealability on the question whether his were rare and exceptional circumstances that would justify equitable tolling.  Molo timely appealed.

## II.

We review the district court's denial of equitable tolling for abuse of discretion.[1]

The one-year limitations period of the AEDPA is a statute of limitations that is not jurisdictional and is subject to equitable tolling.[2]  Equitable tolling, however, is permissible only under "rare and exceptional" circumstances.[3]  Petitioners whose convictions became final before the effective date of the AEDPA were given a grace period of one year to file their federal habeas petitions, rendering them timely if filed by April 27, 1997.[4] None of the reasons Molo offers justifies tolling.

Molo argues that the limitations period should be tolled because he is innocent.[5] Without deciding whether proof of factual innocence would toll the limitations period, we find that Molo does

---

[1]*See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)(noting that *de novo* review applies where district court denies equitable tolling as a matter of law).  In the instant case, the district court declined equitable tolling as an exercise of discretion, finding that Molo's circumstances were not "rare and exceptional."

[2]*Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998).

[3]*See Davis*, 158 F.3d at 811.

[4]*Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

[5]*See Felder v. Johnson*, No. 98-21050, 2000 WL 144178, at *2 (5th Cir. Feb. 9, 2000).

not show that he is factually innocent. Three physicians testified at Molo's trial. Molo's family doctor, who had treated him for mental illness, testified that Molo was mentally ill and should receive treatment. Two Harris County, Texas, psychiatrists testified that Molo was sane at the time of the offense. Molo argues that because the psychiatrists finding him sane examined him one and seven weeks after the offense, respectively, and his family physician examined him immediately prior to the offense, the evidence was insufficient for the jury to find him sane. We disagree. Molo has not shown that he was factually innocent.

Molo argues that failing to toll the AEDPA's statute of limitations in his case will violate the Suspension Clause of Art. I, § 9. The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention."[6] Molo has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired.

Molo argues that the district court should have invoked equitable tolling because he was denied any appeal of his case through ineffective assistance of counsel and state courts' erroneous application of state law. Whether Molo had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of

---

[6]*See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)(quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)).

limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right.[7] An alleged violation of that right does not toll the AEDPA's statute of limitations.[8] The same is so of his claim that the Texas Court of Criminal Appeals erred under state law when it denied his out-of-time appeal.[9]

Neither does Molo's jury misconduct claim toll the AEDPA's limitations period. At a hearing on his motion for a new trial, two jurors testified that they believed Molo was insane but voted to convict so he would be confined to receive treatment for mental illness. The facts underlying this claim did not prevent Molo from filing a federal habeas petition until the limitations period expired.

### III.

None of the reasons Molo advances are sufficient to justify tolling of the AEDPA's limitations period. We affirm the district court's dismissal of his petition as time-barred.

AFFIRMED.

---

[7]*See Evitts v. Lucey*, 469 U.S. 387, 395 (1985).

[8]Molo argues that the evidence was insufficient to convict him, and that his conviction likely would have been reversed on direct appeal. Even if that is so, his ineffective assistance of counsel claim does not toll the AEDPA's statute of limitations.

[9]Molo argues that the Texas Court of Criminal Appeals erred when it denied his 1975 *pro se* application for writ of habeas corpus under *Ex parte Raley*, 528 S.W.2d 257 (Tex. Crim. App. 1975, no pet.)*, overruled on other grounds*, *Hurley v. State*, 606 S.W.2d 887, 889 (Tex. Crim. App. 1980, pet. ref'd). Federal habeas review does not extend to state court conclusions of state law. *See Fairman v. Anderson*, 188 F.3d 635, 641 (5th Cir. 1999).