IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30956
Summary Calendar
_____

DWAYNE BROWN,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 00-CV-243-C
_____

November 7, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Dwayne Brown, Louisiana state prisoner # 96518, has appealed
the district court's dismissal of his habeas corpus petition as
time-barred.  We affirm.

    The district court granted a certificate of appealability
("COA") on whether the 28 U.S.C. § 2244(d) limitations period
should have been equitably tolled because of difficulty that Brown
had in obtaining transcripts and records from the state courts in

---

    *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order to prepare his state court application for postconviction relief ("PCR").

Brown contends, first, that federal habeas relief should not be time-barred because he filed his PCR application timely, within the three-year period formerly provided by La. Code Crim. Proc. Ann. art. 930.8(A)(West). This issue is not properly before this court because it is beyond the scope of the district court's COA, and Brown has not asked this court for a COA relative to it. See United States v. Kimler, 150 F.3d 429, 431 n.1 (5th Cir. 1998).

Brown contends that the district court should have found that equitable tolling resulted from the state courts' delay in enabling him to purchase the transcripts. Brown argues that he needed the preliminary hearing transcript to show discrepancies between the testimony of Officer Petty and certain trial testimony concerning the investigation that culminated in Brown's arrest. Brown argues that this is relevant to his habeas claim that the evidence of his guilt was insufficient. Since the district court exercised its discretion in denying relief on this claim, the applicable standard of review is abuse of discretion. See Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

An argument that testimony of prosecution witnesses was not credible is not a valid insufficiency of evidence contention. See United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir.

1989).  Thus, Brown's belief that he needed the pretrial hearing transcript was based on his ignorance of federal habeas law concerning an insufficiency of evidence claim.  However, ignorance of the law does not justify equitable tolling.  See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), petition for cert. filed, (U.S. May 8, 2000) (No. 99-10243).  Accordingly, the district court did not abuse its discretion in rejecting Brown's contention of equitable tolling.  See Molo, 207 F.3d at 775.

A F F I R M E D.