# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-10609
Summary Calendar
_____

CURTIS SHABAZZ, also known as Curtis Rollins,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2450-P
--------------------
December 19, 2000

Before DAVIS, JONES, and DeMOSS, CIRCUIT JUDGES.

PER CURIAM:[*]

Curtis Shabazz, Texas prisoner No. 522178, moves this court to hold the respondent strictly liable for allegedly perjured affidavits made by employees of the Texas Department of Criminal Justice; for a subpoena duces tecum to obtain copies of exhibits submitted to the district court; and for emergency injunctive relief due to alleged harassment and threats. The motions are DENIED.

Shabazz's federal habeas petition was dismissed by the district court as untimely under the Antiterrorism and Effective

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Death Penalty Act (AEDPA). This court granted Shabazz a certificate of appealability on the issue whether the 28 U.S.C. § 2244(d)(1) limitations period was equitably tolled until Shabazz received actual notice of the enactment of the AEDPA. Shabazz v. Johnson, No. 99-10609 (Feb. 3, 2000).

Shabazz argues that the limitations period should be equitably tolled in his case because he first learned that the AEDPA had been enacted on September 4, 1997, well after the limitations period expired. Shabazz asserts that he has been held in administrative segregation since 1991; that he has no access to television, radio, newspapers, or magazines other than the prison newspaper, The Echo; that he is denied physical access to a law library and can obtain legal materials only by providing their exact citation; that the Texas Department of Criminal Justice did not timely promulgate the AEDPA to administrative segregation inmates; and that his claims were already time-barred by September 1997, when he first learned of the § 2244(d)(1) limitations period by reading an article published in the July 1997 issue of The Echo.

The one-year limitations period of the AEDPA is a statute of limitations that is not jurisdictional and is subject to equitable tolling. Molo v. Johnson, 207 F.3d 773, (5th Cir. 2000). "In rare and exceptional  circumstances" principles of equitable tolling may apply to both the limitations period in § 2244(d) and to the one-year grace period allowed prisoners whose convictions became final prior to the enactment of the AEDPA. Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Fields v. Johnson, 159 F.3d 914, 915-

16 (5th Cir. 1998); see Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998). We review the district court's denial of the application of the equitable tolling doctrine for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

The equitable tolling doctrine applies when the plaintiff is actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000). A movant's incarceration prior to the passage of the AEDPA, his ignorance of the law, and his pro se status during the applicable filing period are not "rare and exceptional" circumstances that merit equitable tolling. Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), petition for cert. filed, (U.S. May 8, 2000) (No. 99-10243); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991).

Shabazz does not suggest that TDCJ officials affirmatively prevented him from filing an application for federal habeas relief at an earlier date. The record shows that Shabazz filed his third application for state habeas relief after the AEDPA was enacted; that his incarceration in administrative segregation has not prevented him from making court filings challenging the validity of his conviction; and that he had approximately four-and-one-half months during which he could have filed a timely federal habeas application following the dismissal of his third state habeas application. Thus, we find no abuse of discretion in the district court's determination that Shabazz's federal habeas petition is time-barred.

We lack jurisdiction to review Shabazz's argument that the Texas Department of Criminal Justice violated his constitutional right of access to the courts by failing to provide him with notice of the AEDPA limitations period because we did not grant a COA on this issue. <u>Sonnier v. Johnson</u>, 161 F.3d 941, 946 (5th Cir. 1998).

**AFFIRMED; MOTIONS DENIED.**