UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 99-41332

RICHARD FORD,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas

(6:99-CV-323)

June 11, 2001

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and KENT[*], District
Judge.

DeMOSS, Circuit Judge:[**]

Richard Ford, a prisoner in the custody of the Texas
Department of Criminal Justice, appeals the district court's
dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred

---

[*] District Judge of the Southern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. We affirm.

## I.

More than seventeen years ago, a jury convicted Ford of aggravated rape and he was sentenced to 30 years in prison. Ford's conviction was affirmed on direct appeal. On August 19, 1994, Ford was released on mandatory supervision. Approximately seven months later, in March 1995, Ford was charged with violating the terms of his release by committing an assault by threat on a state caseworker. On June 16, 1995, after a hearing on the matter, Ford's mandatory supervision was revoked and the state court issued a warrant for his arrest. In September 1997, Ford filed a state habeas action.

The state trial court held an evidentiary hearing, eventually holding that Ford was denied the right to counsel at the revocation hearing, and that Ford was denied his due process rights because there was no evidence to support the revocation. In February 1999, the Texas Court of Criminal Appeals reversed, denying Ford's request for a writ of habeas corpus without a written opinion.

Ford filed this federal habeas corpus action four months later, in June 1999. The case was referred to a Magistrate Judge, who upon consideration of the Respondent's motion, recommended that the case be dismissed as time-barred by the AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d). Ford filed

2

objections, raising his argument that the AEDPA's one-year limitations period should be tolled because he is factually innocent of the assault by threat charge made the basis of his mandatory supervision revocation. The district court conducted a de novo review, eventually adopting the Magistrate Judge's report and dismissing the case as time-barred. The district court denied Ford's request for a certificate of appealability ("COA"), and Ford requested a COA from this Court. We granted a COA limited to the narrow issue of whether there is any extra-statutory "miscarriage of justice" exception to the limitations period set forth in § 2244(d).

## II.

Ford filed this § 2254 action after the April 24, 1996 effective date of the AEDPA. His claim is therefore controlled by the provisions of that statute, which provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

3

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applying these statutory provisions in the absence of any equitable or statutory tolling, Ford's claims are clearly time-barred. Ford's mandatory supervision revocation became final some time in 1995, well before the April 24, 1996, effective date of the AEDPA. Ford therefore had one year after that effective date to file his federal habeas corpus action. *See*, *e.g.*, **United States v. Flores**, 135 F.3d 1000, 1006 (5th Cir. 1998). While that time period would ordinarily be extended by the pendency of a state habeas corpus action, *see* 28 U.S.C. § 2244(d)(2), Ford did not file his state habeas corpus action until September 1997, several months after the deadline for filing federal suit expired. Thus, Ford's federal habeas petition was to be filed on or before April 24, 1997. His petition was filed on June 9, 1999, some twenty-six months later.

In his appeal, Ford argues that the limitations period should be "equitably tolled" because he is "actually innocent" of the

4

assault charge made the basis of the revocation proceeding. He argues that applying the statute of limitations to preclude consideration of his habeas claims, which seek relief from the unconstitutional revocation proceeding, would amount to a "manifest miscarriage of justice." Ford then relies upon precedent recognizing that a state prisoner's procedural default or abuse of the writ may be excused upon a showing of cause and prejudice or upon a showing that failure to consider the defaulted claims would result in a miscarriage of justice. Ford acknowledges that § 2244(d) itself does not include any language setting forth an extension or exception to the statutory limitations period in the case of actual innocence, but argues that continued punishment of an innocent individual is inherently unconstitutional. For that reason, Ford concludes, the statute is unconstitutional unless such an actual innocence or miscarriage of justice exception is implied.

In his argument, Ford relies upon equitable tolling and maintains that the Constitution requires that there be an extra-statutory exception to the limitations period for claims of actual innocence. Ford also argues for invocation of the manifest miscarriage of justice exception, a principle which was derived and has been applied almost exclusively to excuse a state prisoner's default of state procedural rules or abuse of the writ.

With respect to Ford's suggestion that the limitations period should have been equitably tolled based upon his actual innocence, we note that the equitable tolling doctrine typically applies where

5

there exists some impediment to filing a timely action which is beyond the petitioner's control. With respect to whether a claim of actual innocence would justify the application of equitable tolling, we have explicitly held that a claim of actual innocence, standing alone, is not the type of "rare and exceptional" circumstance which would justify equitable tolling "given that many prisoners maintain that they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S. Ct. 622 (2000); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling only appropriate in "rare and exceptional circumstances"). Furthermore, to the extent that equitable tolling might otherwise be available for claims of actual innocence, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claims. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights).

Turning to the constitutional challenge raised by Ford, we note that there are a significant number of cases analyzing whether the limitations period found in the AEDPA violates the Suspension Clause of the Constitution. While this precise issue is not expressly raised by Ford, an analysis of the relevant precedent informs our analysis of the issues raised by Ford. The suspension

6

clause provides:

> The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

U.S. Const. art. I, § 9, cl. 2. Of those cases addressing the narrowly framed issue of whether the limitations provision constitutes an impermissible suspension of the writ when the petitioner can demonstrate actual innocence, some decisions lean in favor of finding such a constitutional violation. *See, e.g.*, ***Neuendorf v. Graves***, 110 F. Supp.2d (N.D. Iowa 2000); ***Alexander v. Keane***, 991 F. Supp. 329, 336-41 (S.D.N.Y. 1998). However, none of those cases have afforded relief by considering an otherwise time-barred claim on that basis.

We have suggested that application of the statute of limitations in the context of an actual innocence claim does not violate the Suspension Clause. ***Molo v. Johnson***, 207 F.3d 773 (5th Cir. 2000), involved a petitioner's claim of actual innocence as well as a Suspension Clause challenge. In ***Molo***, we concluded that the AEDPA's one-year limitations provision "does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention." ***Id.*** at 775. Such a showing is not made unless the petitioner demonstrates that there is some reason he was unable to file the habeas petition prior to the expiration of the limitations period. *See* ***id.***

Our holding in ***Molo*** comports with the well-established

7

principles that "the power to award the writ by any of the courts of the United States, must be given by written law," and that "judgments about the proper scope of the writ are normally for Congress to make." *Turner v. Johnson*, 177 F.3d 390 (5th Cir.) (internal citations and quotations omitted), *cert. denied*, 120 S. Ct. 504 (1999); *see also* *Felker v. Turpin*, 116 S. Ct. 2333 (1996) ("[J]udgments about the proper scope of the writ are normally for Congress to make." (internal quotations omitted)). Our holding in *Molo* likewise comports with the statutory language of the AEDPA, which sets up the one-year limitations period, then provides that the trigger date for that limitations period will be extended if there is a state-imposed impediment to earlier filing or the petitioner could not have discovered the factual predicate for his claim any earlier. *See* 28 U.S.C. § 2244(d)(1)(B) & (D).

In this case, Ford has not alleged any state-imposed impediment to filing. Neither has he expressly raised any allegation that he could not have known the factual predicate of either his substantive claim or the actual innocence exception. As a factual matter, both the absence of counsel and his factual innocence with respect to the threatening behavior would have been known to Ford at the time of his revocation hearing. Though during the state habeas proceedings the State stipulated that the actions for which Ford was charged did not constitute assault by threat, that stipulation merely eased Ford's actual innocence burden rather

8

than providing any new facts previously unknown or unknowable to Ford.

We therefore conclude that Ford knew he was factually innocent of the assault allegations made the basis of the revocation in 1995, when his mandatory supervision was revoked. Certainly he knew that he was not afforded counsel at the hearing, his primary substantive claim, at that time. Ford had the time period prior to the effective date of the AEDPA as well as a one-year reasonable time period after the effective date of the AEDPA in which to file his habeas claim on those grounds. Additionally, Ford could have further extended the limitations period by filing a state habeas action within that time frame. The fact that he did not do either eliminates any suspension clause argument.

Turning to Ford's statutory interpretation argument, we note his contention that the presence of actual innocence exceptions in other provisions of the AEDPA counsels in favor of inferring the applicability of such an exception to the one-year limitations period of § 2244(d). The Respondent suggests that these same provisions counsel in favor of the opposite conclusion, that Congress did not intend for such an exception to apply to § 2244(d).

The Respondent notes that Congress chose to retain and codify in the AEDPA the judicially created actual innocence/miscarriage of justice exception for only some procedural bars. For example, 28 U.S.C. § 2244(b)(2) sets out the general rule that second or

9

successive habeas petitions must be dismissed, but also sets out an exception to that rule when the second or successive petition:(a) is premised upon a retroactive new rule of constitutional law, § 2244(b)(2)(A), *or* (b) the claim is premised upon a factual predicate that could not have been discovered earlier, *and* the petitioner can make a showing of actual innocence, § 2244(b)(2)(B). Similarly, 28 U.S.C. § 2254(e)(2) sets out the general rule that a petitioner who has not developed the factual basis for his claim in state habeas proceedings is not entitled to an evidentiary hearing in federal court, but also sets out an exception to that rule when (a) the claim is premised upon a factual predicate that could not have been discovered earlier *or* a new rule of constitutional law, § 2254(e)(2)(A), *and* (b) the petitioner makes a showing of actual innocence, § 2254(e)(2)(B).[3] The Respondent argues that "[i]t is

_____

[3]Section 2244(b)(2)(B)(ii) permits an exception when:

> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient ro establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Section 2254(e)(2)(B) permits an exception when:

> the facts underlying the claim would be sufficient to establish by clear and convicting evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

We note that § 2255 contains a similar provision for second or successive habeas motions filed by federal prisoners. This language is generally viewed as a circumscribed codification of judicially created actual innocence or miscarriage of justice

10

a fundamental tenet of statutory construction that Congress intended to exclude language included in one section of a statute, but omitted from another section," quoting *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 1834 (2000). Thus, the Respondent maintains that it is patently apparent that Congress did not intend to erect any actual innocence exception to § 2244(d)'s limitations period.

Ford replies that Congress' inclusion of an actual innocence exception in such provisions as the successive writ provision and the evidentiary hearing provision supports his argument that Congress had such exceptions in mind when drafting the AEDPA as well as his position that judges must be afforded the judicial discretion to permit an actual innocence exception to a procedural bar like the limitations period.

Neither of these arguments is precisely accurate. The Respondent uses § 2244(b)(2) and § 2254(e)(2) to argue that § 2244(d) (the limitations provision at issue in this case) is more restrictive (in that it does not permit an actual innocence exception) than those statutes. The Respondent's argument ignores the fact that both § 2244(b)(2) and § 2254(e)(2) require something more than a showing of actual innocence. Under § 2244(b)(2), the petitioner must show both that the factual predicate of the claim could not have been discovered earlier *and* actual innocence to fall

principles.

11

within the exception. Under § 2254(e)(2), the petitioner must show that the claim is premised upon a new rule of constitutional law or a factual predicate that could not have been discovered earlier *and* actual innocence. Neither § 2244(b)(2) not § 2254(e)(2) set out freestanding actual innocence exceptions. Under § 2244(d), the limitations period may be extended *inter alia* on the basis of a retroactive new rule of constitutional law *or* a factual predicate that could not have been discovered earlier. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d) dispenses with the additional requirement of showing actual innocence. Thus, § 2244(d) is actually less restrictive, and the Respondent's argument that the exceptions in § 2244(b)(2) and § 2254(e)(2) can be used to support an argument that none was intended in § 2244(d) is not persuasive.

In our view, the best evidence that Congress did not intend such an exception is that it simply is not there. *See **Williams v. Taylor***, 120 S. Ct. 1479, 1489 (2000) (stating that Congress "raised the bar" with respect to prisoners who did not diligently develop the factual basis for their claims in state court by substituting the provision of § 2254(e)(2) for the more lenient principles developed in ***Keeney v. Tamayo-Reyes***, 112 S. Ct. 1715 (1992), and by "eliminating a freestanding `miscarriage of justice' exception").

**III.**

Having conducted an exhaustive review of the record of this case, and having considered the parties' respective briefing on the

12

issues presented in this appeal, we find no error in the district court's dismissal of Ford's § 2254 petition as time-barred.  While we express no opinion about the applicability of an extra-statutory actual innocence/miscarriage of justice exception to the limitations period found in § 2244(d) under different circumstances, we conclude that based upon the unique facts of this case, where, in the absence of any impediment beyond his control and with full awareness of the factual basis of his claims, Ford was simply not diligent in pursuing his claims.  Ford waited until long after the § 2244(d)(1) limitations period expired on April 24, 1997, filing his petition twenty-six months later, on June 9, 1999. In these circumstances, we are convinced that no relief from the limitations period was contemplated by Congress.  Accordingly, Ford is not entitled to any relief from the limitations period rendering his petition time-barred and dismissal was appropriate.

**AFFIRMED.**