**Richard E. SAYLOR, Petitioner–Appellant,**

v.

**Lawrence MACK, Warden, Respondent–Appellee.**

No. 00–4357.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Richard E. Saylor appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1980, Saylor pleaded guilty in Ohio state court to three counts of murder, and the trial court sentenced him to 30 years to life imprisonment. In March 2000, Saylor filed his § 2254 petition, alleging that: 1) he did not knowingly and voluntarily enter his guilty plea; 2) his counsel rendered ineffective assistance; 3) he was denied due process during the state post-conviction proceedings; and 4) he was actually innocent of his convictions. The district court concluded that Saylor's first, second, and fourth claims were untimely and that his third claim was without merit; therefore, the court dismissed the petition. The district court did grant Saylor a certificate of appealability for the following issue: whether his first, second, and fourth claims were barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Saylor has filed a timely appeal.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Upon review, we conclude that the district court properly dismissed Saylor's habeas claims as barred by the applicable statute of limitations. This court reviews de novo the district court's determination that the claims were filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.,* 172 F.3d 934, 938 (6th Cir.1999).

Saylor did not timely file his habeas petition. Under 28 U.S.C. § 2244(d)(1), a state prisoner has one year from the conclusion of the direct appeal challenging his conviction to file for federal habeas relief. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). It is undisputed that Saylor's convictions became final in 1980 when he did not appeal from his judgment of conviction and sentence. Since his convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Saylor had until April 24, 1997, one year after the effective date of AEDPA, to timely file his federal habeas petition. *Id.* However, Saylor did not file his habeas petition until March 30, 2000.

Saylor argues that his petition is timely because a state petition to vacate his sentence tolled the statute of limitations. Section 2244(d)(2) provides that the time during which a properly filed state post-conviction petition is pending does not count toward any period of limitations. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000). An application is "properly filed" when its delivery and acceptance by the court are in compliance with the state laws and rules governing filings. *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). It is undisputed that

Saylor properly filed a state petition to vacate his sentence on September 23, 1996, nearly five months after the § 2244(d)(1) statutory period began to run. The trial court denied the petition, and the Ohio Court of Appeals affirmed this decision. On March 31, 1999, the Ohio Supreme Court dismissed Saylor's appeal to that court as having been improvidently allowed. Consequently, the statute of limitations was tolled nearly two and a half years while Saylor's state post-conviction petition was pending. After the state courts dismissed this petition, Saylor then waited almost a year, until March 30, 2000, before he filed his § 2254 petition. The statutory period did not begin to run anew after the dismissal of the state court petition. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.2001). Therefore, when the five month period that elapsed prior to the filing of his state post-conviction petition is added to the nearly one year period preceding the filing of his § 2254 petition, his habeas claims were clearly untimely.

■ Saylor asserts that application of the statute of limitations to preclude review of his claims would result in a miscarriage of justice because he is actually innocent of his crimes. The one-year statutory period set forth in § 2244(d) is subject to equitable tolling, *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.2001), and equitable tolling of the § 2244(d) statute of limitations may be appropriate when a prisoner demonstrates that he is actually innocent of his crimes. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000). For Saylor to obtain review of his claims, he must submit new and reliable evidence demonstrating that a constitutional violation probably resulted in his conviction, even though he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327–29, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In order to establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would

have convicted him in light of the new evidence. *Id.* A showing of factual innocence and not mere legal insufficiency is required. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Such evidence normally consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. *Schlup*, 513 U.S. at 322–24, 115 S.Ct. 851.

■ Saylor has not submitted new evidence establishing his actual innocence of his convictions. Saylor argues that he is actually innocent of his crimes because his counsel and the trial court did not adequately explain to him the elements of the crimes to which he was pleading guilty. In essence, Saylor is arguing that insufficient evidence exists to support his convictions and that his counsel rendered ineffective assistance. However, Saylor has presented no new evidence to support his actual innocence claim. Indeed, the facts underlying his claim were available to him since the time of his guilty plea.

Lastly, Saylor argues that § 2244(d) is a violation of the Suspension Clause. However, his argument is without merit. Numerous courts have concluded that § 2244(d) does not constitute an unconstitutional suspension of the writ of habeas corpus. *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir.2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir.), *cert. denied*, 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir.2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.