Russell B. HILL, Petitioner

v.

Tom DAILEY, Warden, Respondent.

Civil Action No. 3:07–41–KKC.

United States District Court,
E.D. Kentucky,
Central Division,
at Frankfort.

Feb. 15, 2008.

Russell B. Hill, LaGrange, KY, Pro Se.

Gregory Fuchs, Office of Attorney General, Frankfort, KY, for Respondent.

## OPINION AND ORDER

KAREN K. CALDWELL, District Judge.

This matter is before the Court on Petitioner Russell B. Hill's pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus [R. 1]; the Magistrate Judge's Report and Recommendation recommending that the petition be denied [R. 13]; and Petitioner's Objections to the Report and Recommendation [R. 14].

Pursuant to 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of the Report and Recommendation to the extent a party objects to it. For the reasons stated below, Petitioner's Objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** as the Opinion of the Court, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

## I. Background

On February 23, 2001, Petitioner Russell B. Hill allegedly became intoxicated, then drove to the home of Paul Sharon, his wife's lover. Upon observing Petitioner's wife and Sharon kissing, Petitioner entered Sharon's home carrying an AK–47 assault rifle and proceeded to shoot and kill Sharon. Petitioner was convicted of murder, burglary in the first degree, and wanton endangerment in the first degree by the Owen Circuit Court on September 18, 2002. This conviction was affirmed by the Supreme Court of Kentucky on May 20, 2004, 2004 WL 1123868. On June 23, 2005, Petitioner filed a collateral attack in

Owen Circuit Court. Review of this collateral attack was concluded on October 8, 2006.

Petitioner filed his habeas corpus petition on June 18, 2007. In support of his petition, Petitioner argued: (1) that the verdict form supplied to jurors improperly led the jurors to believe that, if they found the existence of an aggravating factor, they must sentence him to life without parole; (2) that the prosecutor impermissibly spoke about facts not in evidence and personally vouched for the credibility of a witness; (3) that the trial court admitted evidence of other crimes when it should not have; (4) ineffective assistance of counsel at trial; and (5) ineffective assistance of counsel on direct appeal. Respondent argued in response that Petitioner's habeas corpus petition should be dismissed because Petitioner failed to file his petition within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(A). This statute states that:

A 1–year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1)(A).

The Magistrate Judge agreed with Respondent, and recommended that this Court dismiss Petitioner's habeas petition as being in violation of the one-year statute of limitations. The Magistrate Judge determined that the statute of limitations began running on August 21, 2004, as this constituted the end of the ninety-day period during which Petitioner could file for a writ of certiorari with the United States Supreme Court to review his conviction. The Magistrate Judge then determined that the running of the statute of limita-

tions was tolled from June 23, 2005 through October 8, 2006, the period of time during which Petitioner's collateral attack was filed and reviewed. Thus, the statute of limitations resumed running on October 9, 2006, and expired on December 6, 2006, well before Petitioner filed his habeas petition on June 18, 2007. The Magistrate Judge therefore concluded that Petitioner's petition for a writ of habeas corpus is time-barred by 28 U.S.C. § 2244(d)(1)(A), and recommended its dismissal.

On January 24, 2008, Petitioner filed his Objections to the Report and Recommendation. Petitioner does not further contest the Magistrate Judge's conclusion that the habeas corpus petition was filed past the deadline imposed by the statute of limitations. Instead, Petitioner solely argues that the habeas corpus statute of limitations violates the First Amendment and Suspension Clause of the United States Constitution, and should be declared unconstitutional. The Court will address these arguments below.

## II. Analysis

Petitioner argues that the one-year statute of limitations for habeas corpus petitions, as established by 28 U.S.C. § 2244(d)(1)(A), violates the United States Constitution. According to Petitioner, this statute of limitations constitutes an unconstitutional abridgement of the First Amendment right to petition the government for a redress of grievances. *See* U.S. CONST., amend. I ("Congress shall make no law ... abridging the right of the people ... to petition the government for a redress of grievances."). Petitioner also implies that this habeas corpus statute of limitations violates the Suspension Clause of the United States Constitution. *See* U.S. CONST., art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Case of Rebellion or Invasion the public Safety may require it.").

■ The Court rejects these assertions. It is clear that this one-year statute of limitations, a procedural limitation on the availability of habeas corpus relief, violates neither the First Amendment's Petition Clause nor Article I's Suspension Clause. The United States Supreme Court in *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), considered a similar challenge to another procedural limitation of the habeas corpus act, the limits on successive habeas petitions codified in 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."). Although these limitations did affect the standards for granting habeas corpus relief, the Court held that these limits did not preclude the granting of such relief. *See Felker*, 518 U.S. at 654, 116 S.Ct. 2333. The procedural limitations, therefore, were not unconstitutional.

The Court specifically addressed the issue of whether the habeas procedural limitation "suspended" habeas corpus in violation of the Suspension Clause of Article I of the Constitution. The Court explained that the writ of habeas corpus, as it existed at the time of the first Congress in 1789, was a far more restricted and less expansive form of relief than is it is now. *Id.* at 663–64, 116 S.Ct. 2333. Nevertheless, the Court assumed that the Suspension Clause was referring to habeas relief as it presently exists, rather than in its historically restricted form, *id.*, and held that the above procedural limits on the filing of successive habeas corpus petitions did not amount to a suspension of the writ. *Id.* at 664, 116 S.Ct. 2333. In so holding, the Court noted that " 'the power to award the writ [of habeas corpus] by any courts of the United States, must be given by written law.' " *Id.* (quoting *Ex parte Bollman*, 8 U.S.(4 Cranch) 75, 94, 2 L.Ed. 554 (1807)). Additionally, the Court "likewise recognized that judgments about the proper scope of the writ are 'normally for Congress to make.' " *Id.* (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)). The Court considered this limitation on successive habeas petitions to be a guard against "abuse of the writ," the doctrine of which is governed by " 'a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.' " *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).

Although addressing a different provision of the habeas corpus act than the one Petitioner is attacking, *Felker* severely undercuts Petitioner's central argument that Congress has no right to limit the availability of habeas corpus relief; that courts have the inherent ability to hear habeas claims without legislative restriction. Instead, the Court affirmed Congress's power to limit habeas relief and to prescribe the circumstances under which courts are allowed to grant it. *See id.* at 663–64, 116 S.Ct. 2333. This conclusion directly undermines Petitioner's opposing theory of habeas relief, namely, that "freedom of equity procedure" and "substantial justice, promptly administered" are the proper guidelines for a court's decision on whether to grant a habeas corpus petition. *See* Objections to Report and Recommendation, at 2.[1] The Supreme Court's statements about Congress's ability to limit the

---

1. Petitioner's choice of words in expressing this argument, "freedom of equity procedure" and "substantial justice, promptly adminis-

tered," derives from the Supreme Court case of *Storti v. Massachusetts*, 183 U.S. 138, 143, 22 S.Ct. 72, 46 L.Ed. 120 (1901). These

scope of habeas relief apply just as readily to the federal habeas statute of limitations in 28 U.S.C. § 2244(d)(1)(A), which Petitioner challenges, as they do to the limits on successive petitions contained in 28 U.S.C. § 2244(b)(3)(E), which the Supreme Court upheld.

Moreover, the Sixth Circuit Court of Appeals has also spoken favorably on the subject of the habeas corpus statute of limitations. In *Cooey v. Strickland*, 479 F.3d 412, 420–21 (6th Cir.2007), the Court stated that the "one-year limitation period 'quite plainly serves the well-recognized interest in the finality of state-court judgments ... [and] reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'" *Id.* (quoting *Duncan v. Walker*, 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)). Although *Cooey* was not directly reviewing a constitutional challenge to the federal habeas statute of limitations, the Court of Appeals' reasoning on the validity of the statute of limitations is quite applicable to this Court's decision nonetheless. It is also worth noting that the Sixth Circuit is not alone in holding this positive view of the habeas corpus statute of limitations. *See Acosta v. Artuz*, 221 F.3d 117 (2d Cir.2000) ("The AEDPA [federal habeas corpus] statute of limitations promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time.").

The specific constitutional challenge that Petitioner lodges against the habeas stat-ute of limitations, that it violates the Petition Clause of the First Amendment, has apparently not yet been addressed in this circuit. The only court that has clearly addressed this question is the District Court for the Western District of Texas, in the case of *Lamkin v. Cockrell*, 2003 WL 22244962, 2003 U.S. Dist. LEXIS 17111 (W.D.Tex.2003). In *Lamkin*, the district court held that the statute of limitations does not violate the First Amendment's Petition Clause. The court determined this by considering the Fifth Circuit Court of Appeals' decision of *Graham v. Johnson*, 168 F.3d 762 (5th Cir.1999), a decision which upheld the habeas corpus act against challenges under the Fifth, Eighth, and Fourteenth Amendments. *Lamkin*, 2003 WL 22244962, at *2, 2003 U.S. Dist. LEXIS 17111, at *4.

The *Graham* Court explained that "a procedural limitation 'is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Graham*, 168 F.3d at 787 (quoting *Medina v. California*, 505 U.S. 437, 445, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992)). The Supreme Court, in *Felker v. Turpin*, had earlier pointed out that the writ of habeas corpus has originally been promulgated by the first Congress as a much more restricted form of relief than it exists today. As such, reasoned the *Graham* Court, "the Framers could not have viewed the availability of habeas relief ... as 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.* (citation removed). The procedural limitations imposed by the federal habeas corpus act thus could not

---

words are how the Court chose to interpret the habeas statute now codified at 28 U.S.C. § 2243, which reads, "The court shall ... dispose of the matter as law and justice require." It is enough to say that this statute's equitable reach, however far it may go, was modified by the subsequent passage of the procedural limitations contained in 28 U.S.C. § 2244 and the Supreme Court's upholding of this statute in *Felker v. Turpin*.

violate the Due Process Clause. Even if it were further assumed that the now-expansive form of habeas relief should now be deemed to be "fundamental," reasoned the *Graham* Court, "AEDPA's [the habeas act's] restrictions on successive applications fall within Congress and the courts' traditional power to limit abuses of the writ." *Id.* at 787–88.

The district court in *Lamkin* applied the *Graham* Court's Due Process Clause reasoning to the First Amendment Petition Clause challenge to the habeas statute of limitations, and upheld the statute of limitations against the challenge. "This same reasoning would apply to petitioner's claims under the First Amendment, and accordingly Petitioner's objection that the AEDPA's [habeas statute's] limitations period is unconstitutional is overruled." *Lamkin,* 2003 WL 22244962, at *2, 2003 U.S. Dist. LEXIS 17111, at *5–6. Although the holdings in *Lamkin* and *Graham* are not binding on this Court's decision, the Court agrees with the reasoning employed by these courts and chooses to adopt it for purposes of this matter. As such, the Court holds that the statute of limitations codified at 28 U.S.C. § 2244(d)(1)(A) does not violate the Petition Clause of the First Amendment. This objection is without merit.

Petitioner also appears to claim that the habeas statute of limitations violates the Suspension Clause of Article I, section nine, clause two of the Constitution. *See* Objections to Report and Recommendation, at 4–5 ("In examining the merits of Petitioner's instant issue it is imperative to recall that Article I, § 9, Clause 2 of the United States Constitution expressly provides that 'The privilege of the Writ of Habeas Corpus *shall not* be suspended, *unless* when in cases of Rebellion or Invasion the public safety may require it.' Petitioner requests this Court to accept all Articles of the United States Constitution

in the spirit and intent which the Framers intended and stand fast against any encroachment upon such inherent, inalienable protections."). Unfortunately for Petitioner, this particular argument has been rejected by the Sixth Circuit Court of Appeals, as well as by every other court that has considered the issue. *See Saylor v. Mack,* 27 Fed.Appx. 321 (6th Cir.2001) (28 U.S.C. § 2244(d)(1)(A) statute of limitations is not an unconstitutional suspension of the writ of habeas corpus, thus, it does not violate the Suspension Clause); *see also Wyzykowski v. Dept. of Corr.,* 226 F.3d 1213 (11th Cir.2000) (same); *Lucidore v. N.Y. State Div. of Parole,* 209 F.3d 107 (2d Cir.2000) (same); *Molo v. Johnson,* 207 F.3d 773 (5th Cir.2000) (same); *Miller v. Marr,* 141 F.3d 976 (10th Cir. 1998) (same). Therefore, the Court must hold that the habeas corpus statute of limitations, 28 U.S.C. § 2244(d)(1)(A), does not violate the Suspension Clause of Article I. This objection is without merit. For the reasons given above, the Court hereby **ORDERS** as follows:

1. The Petitioner's Objections [R. 14] to the Magistrate Judge's Report and Recommendation are **OVERRULED;**

2. The Magistrate Judge's Report and Recommendation [R. 13] is **ADOPTED** as the Opinion of the Court;

3. The Petitioner's Petition for a Writ of Habeas Corpus is **DENIED;** and

4. This matter is hereby stricken from the Court's active docket.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

EDWARD B. ATKINS, United States Magistrate Judge.

### I. INTRODUCTION

On September 18, 2002, Petitioner, Russell B. Hill, was convicted in Owen Circuit

Court of murder, burglary in the first degree, and wanton endangerment in the first degree, and sentenced to life imprisonment without the possibility of parole. [R. 1.] Currently incarcerated at Luther Luckett Correctional Complex located at LaGrange, Kentucky, he filed, pro se, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction. [*Id.*] In support of his petition, Petitioner argues: (1) that the verdict form supplied to jurors improperly led the jurors to believe that, if they found the existence of an aggravating factor, they must sentence him to life without parole; (2) that the prosecutor impermissibly spoke about facts not in evidence and personally vouched for the credibility of a witness; (3) that the trial court admitted evidence of other crimes when it should not have; (4) ineffective assistance of counsel at trial; and (5) ineffective assistance of counsel on direct appeal. [*Id.*]

Respondent filed an answer, a memorandum in support, and an appendix containing relevant portions of Petitioner's state court record. [R. 10.] Petitioner having filed a reply [R. 12], his habeas corpus petition [R. 1] is now ripe for review. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned finds Petitioner's petition to be barred by the appropriate statute of limitations and recommends dismissal of same.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner and his wife were married in 1982 and had two children. [*Id.*] In 2001, Petitioner's wife renewed her friendship with a man named Paul Sharon that eventually turned romantic. [*Id.*] When Petitioner, an over-the-road truck driver found out about his wife's indiscretions, he confronted her and her boyfriend, Sharon, on

several occasions. [*Id.*] On February 23, 2001, Petitioner, distraught over his wife's unwillingness to end her relationship with Paul Sharon, began drinking. [*Id.*] After consuming "four or five beers," Petitioner drove to Sharon's house, where his wife had gone to play cards. [*Id.*] After observing his wife and Sharon kissing outside Sharon's house, Petitioner entered that house armed with an AK–47 assault rifle, where he shot and killed Sharon. [*Id.*] Petitioner was convicted in Owen Circuit Court of murder, burglary in the first degree, and wanton endangerment in the first degree. [R. 10, Exh. 3.]

On May 20, 2004, the Supreme Court of Kentucky affirmed Petitioner's convictions in an unpublished decision. [R. 10, Exh. 3.] Petitioner took no further action regarding his conviction until June 23, 2005, when he filed a collateral attack in Owen Circuit Court. [*Id.*] Review of his collateral attack was concluded on October 8, 2006. [*Id.*]

On June 18, 2007, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. [R. 1.] On August 17, 2007, Respondent filed an answer [R. 10], as well as a memorandum in support with an attached appendix containing the relevant portion Petitioner's state court record. Petitioner filed his reply on September 14, 2007. [R. 12.] Thus, fully briefed, Petitioner's petition [R. 1] is now ripe for review.

## III. STANDARD OF REVIEW

### A. Exhaustion of State Remedies and Procedural Default

A state prisoner challenging the constitutionality of his conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must first exhaust his available state court remedies by presenting his claims to the state courts, so as to provide

those courts with an opportunity to remedy any constitutional infirmities in his conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); 28 U.S.C. § 2254(b). It is the petitioner's burden to prove exhaustion. *Rust*, 17 F.3d at 160 (citing *Darr v. Burford*, 339 U.S. 200, 218–19, 70 S.Ct. 587, 94 L.Ed. 761 (1950)). The exhaustion requirement is satisfied when the highest court in the state in which a petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. *Id.* In discussing when a claim is properly considered exhausted, the Sixth Circuit has instructed as follows:

> A petitioner must "fairly present" the substance of each of his federal constitutional claims to the state courts before the federal courts will address them. A petitioner "fairly presents" his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. The factual and theoretical substance of a claim must be presented to the state courts to render it exhausted for federal habeas corpus purposes.

*Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995) (per curiam) (citations and some internal quotation marks omitted). Additionally, as the Sixth Circuit explained in *Rust:*

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather it is a problem of determining whether cause and preju-

dice exist to excuse the failure to present the claim in state courts.

17 F.3d at 160.

It is noted that Petitioner properly exhausted all available state remedies regarding the claims presented in this petition. All of his claims have been adjudicated either on direct appeal or in his collateral attack. [R. 1, R. 10, Exhs. 3 & 7.]

### B. Antiterrorism and Effective Death Penalty Act of 1996

Petitioner filed his petition herein on June 18,2007. [R. 1.] The petition is therefore subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, Tit. I, § 101 (1996), which became effective on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (AEDPA's provisions "generally apply ... to cases filed after the Act became effective"). AEDPA amended 28 U.S.C. § 2254(d), which now directs, in relevant part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...

28 U.S.C. § 2254(d).

In an attempt to clarify the above standard, the Supreme Court of the United States, in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), directed as follows:

Under the "contrary to" clause [of 28 U.S.C. § 2254(d)(1) ], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412–413, 120 S.Ct. 1495.

The Court further instructed that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

### IV. ANALYSIS

#### A. Statute of Limitations

Respondent argues that Petitioner's petition should be dismissed due to the expiration of the applicable statute of limitations. It is clear that Petitioner has failed to file his habeas corpus petition in a timely manner.

The applicable statute, 28 U.S.C. § 2244(d)(1)(A), states in relevant part:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1)(A) (emphasis added). The statute includes other circumstances whereby the date upon which the time period begins to run may be later, but Petitioner does not argue that any of these conditions exists. [R. 1.]

Petitioner's direct appeal was decided on May 20, 2004. [R. 10, Exh. 3.] On May 21, 2004, the ninety-day period during which Petitioner could file for a writ of certiorari with the Supreme Court began to run. *See Bronaugh v. Ohio,* 235 F.3d 280, 284–85 (6th Cir.2000) (holding that the day of filing a petition counts in computing the timeliness, but the not the day a state court decision is entered.). Petitioner declined to file for such a writ and thus, on August 21, 2004, the applicable statute of limitations as it concerns a federal habeas corpus petition began to run. *See Lawrence v. Florida,* —— U.S. ——, 127 S.Ct. 1079, 1083–84, 166 L.Ed.2d 924 (2007) (holding that the ninety days allowed to file for a writ of certiorari after direct appeal *does* toll the AEDPA statute of limitations, but the ninety days to file for such a writ after state post conviction proceedings *does not* toll the statute of limitations.)

■ Petitioner took no action that would toll the statute of limitations between August 21, 2004, and the filing of his collateral attack in state court on June 23, 2005. As a result, 306 days passed out of the 365 Petitioner was allotted for filing a federal habeas corpus petition. Petitioner's collateral attack in state court was finally adjudicated on October 8, 2006—thirty days after the state court of appeals denied relief. [R. 10.] Petitioner's one-year statute of limitations for filing a habeas petition began to run once again, on October 9, 2006. At this point, Petitioner had 59 days in which to file his petition. As a result, December 6, 2006, was the last day on which Petitioner could have filed his habeas corpus petition. As both parties agree, and are correct in arguing, the

earliest date Petitioner could be considered to have filed his petition is June 11, 2007—the day Petitioner states he placed his petition in the prison mail system. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir.1999). Thus, Petitioner's petition was filed 217 days late and was clearly filed in an untimely fashion.

## V. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that Petitioner's petition [R. 1] be denied and this action be dismissed with prejudice.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. *United States v. Campbell,* 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F.Supp.2d 737, 749–750 (E.D.Ky.2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir.2004); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed.R.Civ.P.

Signed January 14, 2008.