# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-50672
Summary Calendar

MICHAEL BOONE

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-399

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Boone, Texas prisoner # 915679, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted. Boone filed his § 1983 complaint following the dismissal of his 28 U.S.C. § 2254 application as time-barred. Boone argues that the time limitations period set forth in 28 U.S.C. § 2244(d) is unconstitutional because it prevents him from petitioning the Government for a redress of grievances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a dismissal as frivolous under 28 U.S.C. § 1915A for abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). A dismissal for failure to state a claim under § 1915A is reviewed under the same de novo standard as dismissals under FED. R. CIV. P. 12(b)(6). Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Because the district court found that Boone's complaint was both frivolous and failed to state a claim, review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Despite Boone's argument to the contrary, he is making a Suspension Clause argument. Boone's argument is unavailing. The limitations period found in § 2244(d) does not unconstitutionally suspend the writ. See Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir. 1999); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000). Accordingly, the judgment of the district court is affirmed. Our affirmance of the district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Boone is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.