OGDEN (UNITED STATES v.).    See Cases Nos. 15,912 and 15,913.

OGDEN (WALKER v.).    See Case No. 17,081.

OGDEN (WISNER v.).    See Case No. 17,914.

## Case No. 10,461.

### OGDEN v. WITHERSPOON.

[2 Hayw. (N. C.) 227.]

Circuit Court, D. North Carolina.    Dec., 1802.

REPEAL OF STATUTES—RETROACTIVE LAWS—JUDICIAL AND LEGISLATIVE FUNCTIONS—LIMITATION OF ACTION—SUSPENSION DURING WAR.

[1. There are two rules for determining what statutes are repealed by a later one: (1) If the later act be inconsistent with the earlier, it repeals the same. (2) If the later be reconcilable with the earlier, but legislates upon the same subjects and expressly repeals all other laws within its purview, the earlier is repealed.]

[2. The act of North Carolina of 1715 (chapter 48, § 9) requiring claims against the estates of deceased persons to be filed within seven years, was suspended by the act of 1777 (chapter 2, § 101) which disabled British subjects from suing in the state courts; and the disability continued until the treaty of peace was enforced in the state by the act of 1787, which declared the treaty to be a part of the law of the land.]

[3. The act of 1715 was repealed by implication by the act of 1789 which prescribed a shorter period of limitation; and the act of 1799, which declared that the act of 1715 had not been repealed and had continued in force, was ineffectual, as being an invasion of the judicial authority by the legislative power.]

[4. It belongs to the judiciary, and not to the legislative, power to determine the extent and operation of laws after they are made, and an attempt by the legislature to determine retroactively whether one act operated to repeal or suspend a prior one is void.]

[This was an action by Ogden, administrator of Cornell, against Witherspoon, administrator of Nash.]

The defendant pleaded the act of 1715, c. 48, § 9: "Creditors of any person deceased shall make their claim within seven years after the death of such debtor, otherwise such creditor shall be forever barred." Divers other actions were in court pending upon the same pleadings; and the court appointed a day for the argument respecting the validity and effect of the plea. On the day appointed, an argument was had, and the court took time to advise; and some days afterwards delivered their opinions in substance as follows:

Before MARSHALL, Circuit Justice, and POTTER, District Judge.

POTTER, District Judge.    The act of 1789 is inconsistent with that of 1715, for it establishes a shorter limitation than the act of 1715, and upon different terms. The act of 1789, c. 23, § 4, enacts "that the creditors of any person or persons deceased, if he or they reside within this state, shall within two years; and if they reside without the limits of this state, shall within three years from the qualification of the executors or administrators, exhibit and make demand of their respective accounts, debts, and claims, of every kind whatever, to such executors or administrators; and if any creditor or creditors shall hereafter fail to demand and bring suit for the recovery of his, her, or their debt as above specified, within the aforesaid time limited, he, she, or they shall forever be barred from the recovery of his, her or their debt, in any court of law or equity, or before any justice of the peace within this state." Section 5 directs "advertisements within two months after qualification," etc.    The act of 1715, however, was in force till the act of 1789; but clearly its operation was suspended by Act 1777, c. 2, § 101, commonly called the court law, and by other acts passed after the beginning of the war, disabling British subjects to sue in our courts. The disabilities continued till the treaty of peace was enforced in this state by the act of 1787, which declares it to be a part of the law of the land. The act of 1799, declaring the act of 1715 not to have been repealed, and to have continued in force, has not the effect of making that act to have been in force after it was repealed, till re-enacted.

MARSHALL, Circuit Justice.    In the act of 1789 there is this clause: "That all laws and parts of laws, that come within the meaning and purview of this act, are hereby declared void, and of no effect." There are two rules for determining what act shall be deemed to be repealed by a latter one. If the latter be inconsistent with the former, it repeals the former. If it be reconcilable with the former, but legislates upon the same subjects as the former does, and repeals all other laws within its purview, the former is repealed. Then what is the subject of the 9th section of the act of 1715? The estates of all dead men and all creditors upon them, and a limitation of the time for the exhibition of such claims. What is

the subject of the latter act? Precisely the same estates and persons, and a limitation of the time for bringing forward their claims. There is a legislation in both acts upon the same cases. The repealing clause then extends to the section in question. The act of 1715 prescribes a limitation without an exception of persons; the act of 1789 excepts persons under disabilities, such as femes covert and the like. If the act of 1715 be in force, persons under disabilities, will be excepted until the expiration of seven years, and not afterwards; for at that period all persons will be barred by the act of 1715, if it stands with the act of 1789. But why should the legislature design a permission for persons under disabilities to sue after the time prescribed in the act of 1789 for other persons, and until the completion of the seven years fixed by the act of 1715, and not afterwards? The same reason which continued the exception till the expiration of seven years will still operate to continue it longer. If the exceptions are to last, as mentioned by the act of 1789, until the disabilities be removed, then the act of 1715 must be repealed. The act of 1799 declares that the act of 1715 hath continued and shall continue to be in force. I will not say at this time that a retrospective law may not be made; but if its retrospective view be not clearly expressed, construction ought not to aid it. That however is not the objection to this act. The bill of rights of this state, which is declared to be a part of the constitution, says, in the fourth section, "that the legislative, executive, and supreme judicial powers of government ought to be forever separate and distinct from each other." The separation of these powers has been deemed by the people of almost all the states as essential to liberty. And the question here is, does it belong to the judiciary to decide upon laws when made, and the extent and operation of them; or to the legislature? If it belongs to the judiciary, then the matter decided by this act. namely, whether the act of 1789 be a repeal of the 9th section of 1715, is a judicial matter, and not a legislative one. The determination is made by a branch of government, not authorized by the constitution to make it, and is therefore, in my judgment, void. It seems also to be void for another reason. The 10th section of the first article of the federal constitution prohibits the states to pass any law impairing the obligation of contracts. Now, will it not impair this obligation, if a contract which, at the time of passing the act of 1789, might be recovered on by the creditor, shall by the operation of the act of 1799, be entirely deprived of his remedy?

Upon the point of suspension of the act of 1715, prior to its repeal by the act of 1789, I am of opinion with my brother judge, and for the reasons by him given, that it was suspended and continued so till the act of 1787, declaring the treaty of 1783 to be a part of

the law of the land; for it was not settled till the making of the federal constitution, that treaties should ipso facto become a part of the laws of every state, without any act of the state legislature to make them so. It has been argued that, by an act passed in 1791, all acts and parts of acts retained in the compilation of Mr. Iredell, and not by him declared to be repealed or obsolete, or not in force, shall be held to be in force; and that the 9th section of the act of 1715, being retained therein, and having no such declaration attached to it, is therefore in force. The whole of the act of 1789 is also retained, and the repealing clause, as well as the other parts of the act: and if the repealing clause be in force, as no doubt it is, it had the same effect in 1791 as in 1788 and 1789, and continued to keep the 9th section of the act of 1715 repealed, until the passing of the act of 1799.

NOTE. This cause was removed to the supreme court by writ of error, where it was also decided that the act of 1715 had been repealed by the act of 1789.

N. B. The reporter was of the same opinion in 1799 when he published the manual, and placed the act of 1715 as taking effect in the year 1799; but Judge Taylor, and some of the other judges of the court of conference, were of a different opinion, and held the act of 1715 not to have been repealed by that of 1789.