In Equity. — The facts were that, on the 6th of April, 1804, Alexander Roulstone, one of the defendants, shipped at New Orleans, in the barge called Deborah, Lindsey Shannon, master, a quantity of goods for account and risk of Col. Charles Lynch, of Shelby county, Kentucky, another of the defendants; to be delivered to the said Lynch or his assigns, he or they paying freight at the port of Louisville on the Ohio. *Page 111 
On the same day, and of the above tenor, the master of the boat signed triplicate bills of lading; one of which was transmitted by Roulstone to Lynch, who assigned the same to Jorden, Banks, and Owens for abonâ fide and valuable consideration, who procured the cargo to be insured in Lexington, Kentucky, on the 25th of May, 1804. The defendant, Roulstone, after having shipped the goods at Orleans, came on immediately to Nashville, and on the 2d of June, 1804, after stating himself to be the owner of the boat and cargo, employed the complainant as his factor to descend Cumberland River to the mouth, and there receive the goods of Shannon, the master, bring them up to Nashville at the factor's expense, and sell them, receiving therefor a certain commission. The complainant upon the credit of the goods, in addition to the expense of bringing them to Nashville, advanced Roulstone $175. The goods were received at the mouth of the river from Shannon, brought up to Nashville, and stored away for the purpose of selling under the agreement, which was by deed. The expenses of transporting and money advanced amounted to $718.43. Immediately after the goods were brought to Nashville by the complainant, they were claimed by Jorden, Banks, and Owens. The complainant refused to deliver them until he should be paid the amount of his advances, and Roulstone's order should be obtained. An attachment was taken out, returnable to the Court of the United States, and the plaintiff summoned as garnishee to declare what property he had of Jorden, Banks, and Owens. This was discontinued, and a writ of replevin sued out of the same court; this writ commanded the marshal to replevy the goods and deliver them to Jorden, Banks, and Owens.[1]
The bill states that the goods were taken out of the complainant's possession by the marshal against his will, and delivered to the agent of Jorden, Banks, and Owens, who is now making sale of them; questions the legality of the proceeding by replevin; complains that he was deprived of his lien by the goods having been taken out of his hands by the marshal; prays relief generally, and particularly that Jorden, Banks, and Owens may be enjoined from selling any more of the goods until final hearing.
WHITE and OVERTON, of counsel for the plaintiff, argued that the plaintiff was entitled to relief to the amount of his advances, for which he had a lien, and, as he did not voluntarily part with the goods, he should not lose the benefit of it. It was admitted that the plaintiff never inquired for a bill of lading, not having been customary in trade at Nashville to ask or require one; and the course of business at *Page 112 
particular places will be noticed by the Court. Str. Rep.; 2 Johns. 327. That possession by Roulstone was evidence of property. Bull. N. P. 47; 1 Morg. Essays, 401-402; 1 Bac. Ab. 604, 605; 1 Atk. 245. It was insisted that, let the goods belong to whom they might, the plaintiff had a lien, having acted bonâ fide and according to the course of trade at the place, and for this were cited Shee v. Prescot, 1 Atk. 245; 2 Burr. 931-943; 3 Bos. 
Pull. 490; 3 East, 590; 3 Term Rep. 122, 123; 3 Bos. Pull. 420; 1 Esp. 240; 6 East, 43; Lex Mercatoria Americana, 392, 398; Bull. N. P. 130; Cow. 251.[2]
Supposing, however, that it were necessary for the plaintiff to show, that Roulstone had a legal right to dispose of the goods, it was contended that the goods having been shipped by him at Orleans, he had a right to stop them in transitu, the bill of lading not being negotiable as a bill of exchange; that the shipper was not bound to show on what ground he stopped the goods. 3 East. 398; Ib. 363; 1 Term Rep. 745; Ib. 66; 1 H. B. 366, 369, 506; 4 East, 217; 1 Bos. Pull. 564; 5 East, 178; 2 Bos. Pull. 46, c.; 1 Mer. Amer. 164; 3 Term Rep. 761; 1 H. B. 606; 2 Term Rep. 70.[3]
WHITESIDE, on the part of Jorden, Banks, and Owens, the assignees of the bill of lading, contended that Roulstone, after the goods were shipped, had no property in, nor power over them whatever, and that the plaintiff could not acquire any lien on goods delivered by such a person, no more than if they had been stolen.[1] The property of the goods followed the bill of lading and was in Jorden, Banks, and Owens, by assignment.[2] The plaintiff was in fault in not asking for a bill of lading before he received the goods. Whether the action of replevin were proper or not, was not the inquiry. The question simply was, whether the plaintiff could obtain a lien on the goods under the circumstances disclosed; he certainly could not, and therefore his bill must be dismissed.
The arguments used by the plaintiff's counsel were answered at great length, and the following authorities relied on. 1 Ld. Bay. 271; 1 Term Rep. 205; 4 Burr. 2046; 2 Term Rep. 63.
In reply it was said that the cases in 4 Burr. 2046 and 1 Term Rep. 205 do not show clearly the point decided, and the doctrine otherwise advocated was overruled and explained by Burr. 2680; 1 Term Rep. 659; 2 Term Rep. 63; 1 H. B. 359; 1 Bos. Pull. 709.
This cause having been twice argued, once before McNairy, J., before the establishment of the present Circuit *Page 113 
Court, and at June term, 1807, before Todd and McNairy, JJ., the opinion of the Court was now delivered by
[1] It is much to be doubted whether replevin would lie in this State in such a case.
[2] See also 2 Johns. 541; 3 Johns. 341.
[3] Vide 3 Caines, 182; 5 Mass. 487; Camp. 282.
[1] Dub. see general doctrine of stoppage in transitu.
[2] Contra, Camp. 108, 309; 2 Hay. 227.
after stating the case, observed that there were two kinds of bills of lading,[3] and that the bill of lading before the Court seemed to be different from the one referred to in Mason v. Lickbarrow, 1 H. B. 357.
In the principal case, the property of the goods was transferred to Lynch, and from him to Jorden, Banks, and Owens. The defendant, Roulstone, had no right to dispose of them as he did. There is no ground of relief against Lynch, or Jorden, Banks, and Owens; and as to Roulstone we cannot decree against him, having been no party to the suit at law, and never having been a resident or citizen of the district there is a want of jurisdiction.
The bill must be dismissed as to all the defendants.[4]
[3] It is probable the distinction here alluded to by the judge lies between a bill of lading for, on account, and at the risk of the consignee; and on account of and at the risk of the consignor.
[4] The doctrine respecting mercantile lien may be seen and examined by recurrence to the authorities referred to at the bar, and in the margin.