### Rudy TUCKER, Petitioner–Appellant,

v.

### Wayne STINE, Warden, Respondent–Appellee.

No. 00–1024.

United States Court of Appeals, Sixth Circuit.

March 20, 2002.

Before JONES, DAUGHTREY and COLE, Circuit Judges.

### OPINION

PER CURIAM.

Petitioner–Appellant Rudy Tucker ("Tucker") appeals the decision of the district court, assigning error to the district court's dismissal of his petition for writ of habeas corpus on the basis that it is time-

Ohio, sitting by designation.

barred under the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. 2244(d)(1). In response to the Respondent's assertion that his petition is time-barred, Tucker claims that (1) AEDPA's statute of limitations provision violates the Suspension Clause of Article I of the Constitution; (2) his petition satisfies the applicable statute of limitations; and (3) even if his petition does not satisfy the statute of limitations, Tucker is entitled to equitable tolling of the limitations period. Finding that, subject to tolling for the duration of state post-conviction appeals, AEDPA provides for a one-year statute of limitations period beginning on April 24, 1997, that Tucker filed a petition for habeas corpus on May 7, 1999, almost eight months after the limitations period expired, and that Tucker failed to provide a sufficient basis for equitable tolling, the district court concluded that Tucker's habeas petition should be dismissed as untimely.

After careful review of the record in this case, the applicable law, counsels' briefs and arguments, the opinion of the district court, and the recent holding of this Court in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir.2002), we believe that the district court did not err in dismissing as untimely Tucker's petition for writ of habeas corpus.

As to Tucker's claim that he is entitled to equitable tolling of the limitations period, this circuit has held that equitable tolling claims under AEDPA are subject to the general equitable tolling standard that is articulated in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). *See Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.2001) ("We therefore hold that hereafter equitable tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the factors set out in *Andrews v. Orr* unless

there is congressional authority to the contrary."). While the district court applied the "extraordinary circumstances" test used in our sister circuits, the district court nonetheless correctly concluded that Tucker is not entitled to equitable tolling, as Tucker fails to meet the minimum requirements of either standard. *See Dunlap* at 1008 (finding that the 'extraordinary circumstances' test and the *Andrews* test are "different, though not necessarily divergent, standard[s]")

We believe that the issuance of a full written opinion in this case would serve no useful purpose. Accordingly, we **AFFIRM** the judgment of the district court.