# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1737

_____

Milo Walter Hirning,       *
       *
       Appellant,       *
       *    Appeal from the United States
       v.       *    District Court for the
       *    District of South Dakota.
Robert Dooley, Warden of the       *
Mike Durfee State Penitentiary,       *      [UNPUBLISHED]
       *
       Appellee.       *

_____

Submitted: November 13, 2006
Filed: December 22, 2006

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Milo Hirning appeals the district court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Hirning admitted his petition was untimely under 28 U.S.C. § 2244(d), but claimed that section 2244(d) violated his constitutional rights under both the Suspension Clause, Article I, Section 9, and the Due Process Clause of the Fifth Amendment. The district court rejected both claims.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District for the District of South Dakota.

We too reject both arguments. While neither the Supreme Court nor this circuit has specifically ruled on whether section 2244(d) violates the Suspension Clause, all of our sister circuits that have answered the question have held that where, as here, no claim of actual innocence is involved, section 2244(d) does not violate the Suspension Clause. David v. Hall, 318 F.3d 343, 347 (1st Cir.) (noting that section 2244(d) "is not even arguably unconstitutional"), cert. denied, 540 U.S. 815 (2003); Hampton v. Madding, 232 F.3d 894 (9th Cir. 2000) (mem.) (unpublished table decision), cert. denied, 531 U.S. 1081 (2001); Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir.), cert. denied, 531 U.S. 873 (2000); Davis v. Bumgarner, 201 F.3d 435 (4th Cir. 1999) (per curiam) (unpublished table decision); Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir.) (per curiam), cert. denied, 528 U.S. 1007 (1999); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). We agree with these circuits and hold that where the petition does not involve actual innocence, section 2244(d) does not render the habeas remedy inadequate or ineffective, and thus does not violate the Suspension Clause. See Swain v. Pressley, 430 U.S. 372, 381 (1977) (showing of inadequacy or ineffectiveness of habeas remedy required to find a violation of the Suspension Clause).

Further, we need not address petitioner's substantive due process argument. Hirning has advanced his argument under the Suspension Clause, which specifically protects the writ of habeas corpus. We have held that where "'a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Moran v. Clarke, 296 F.3d 638, 646 (8th Cir. 2002) (en banc) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)). Since we have joined our sister circuits in addressing the claim under the Suspension Clause, there is no need for a separate substantive due process analysis.

Given that Hirning admits the untimeliness of his petition, and having reviewed de novo the district court's holding that section 2244(d) neither violates the Suspension Clause nor the Due Process Clause of the United States Constitution, <u>e.g.</u>, <u>United States v. Buckner</u>, 894 F.2d 975, 978 (8th Cir. 1990) (de novo standard of review for federal constitutional questions), we find no error in the district court's dismissal of Hirning's section 2254 petition and affirm.

_____