RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0077p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

————————

RUSSELL B. HILL,

*Petitioner-Appellant,*

*v.*

No. 08-5327

TOM DAILEY, Warden,

*Respondent-Appellee.*

————————

Filed: March 2, 2009

————————

**ORDER**

————————

Russell Hill, a Kentucky prisoner arguing on his own behalf, challenges a district court's order denying his petition for a writ of habeas corpus and denying him a certificate of appealability. *See* 28 U.S.C. §§ 2253(b), 2254. Construing his notice of appeal as an application for a certificate of appealability, *see* Fed. R. App. P. 22(b)(2); *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002), the court denies the application.

I.

In 2002, a state-court jury convicted Hill of murder, first-degree burglary and first-degree wanton endangerment. The state courts affirmed his convictions on direct appeal, and Hill's convictions became final on August 18, 2004, when his 90-day window for filing a petition for a writ of certiorari expired. *See Jimenez v. Quarterman*, __ U.S. __, 129 S. Ct. 681, 685 (2009); Sup. Ct. R. 13(1). Hill thus had one year from August 18, 2004, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A).

Hill took no action for the first ten months of the limitations period. He then (unsuccessfully) sought collateral review in state court, tolling the limitations period from June 23, 2005 to October 8, 2006. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Hill

1

filed his federal habeas petition on June 18, 2007, more than six months after the one-year limitations period had run.

A magistrate judge recommended that Hill's petition be dismissed as untimely. In his objections to the magistrate's report and recommendation, Hill argued that AEDPA's one-year statute of limitations, *see* 28 U.S.C. § 2244(d), violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, and the Petition Clause of the First Amendment, U.S. Const. amend. I. The district court rejected both arguments and denied the petition, prompting this appeal (read request for a certificate of appealability).

II.

To obtain a certificate of appealability, a habeas claimant must show that reasonable jurists would find the district court's resolution of his claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hill cannot meet this requirement.

Start with his reliance on the Suspension Clause. Like every other court of appeals to address the issue, this court has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus. *See Tucker v. Stine*, 31 F. App'x 184, 185 (6th Cir. 2002) (per curiam); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001); *accord Hirning v. Dooley*, 209 F. App'x 614, 615 (8th Cir. 2006) (per curiam); *Delaney v. Matesanz*, 264 F.3d 7, 12 (1st Cir. 2001); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217–18 (11th Cir. 2000); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam); *Davis v. Bumgarner*, No. 99-6791, 1999 WL 1032617, at *1 (4th Cir. Nov. 15, 1999) (per curiam); *Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998); *cf. Felker v. Turpin*, 518 U.S. 651, 664 (1996). Statutes of repose were a fact of life before the Constitution (including of course the Suspension Clause) was ratified, *see* Alan L. Adlestein, *Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial*, 37 Wm. & Mary L. Rev. 199, 252 (1995), and they have remained so ever since. And while AEDPA's limitations period stands in the way of this inmate's claim for relief, it is worth remembering that statutes of limitation do not inevitably stand in the way of those confronting the criminal process. In that context, a limitations period more often than not will be the friend rather than the foe of someone who

has been indicted. Hill offers no explanation why a reasonable jurist would debate the district court's resolution of this claim, nor can the court think of one.

A similar conclusion applies to his reliance on the Petition Clause of the First Amendment. Inmates, granted, have a constitutional right of access to the courts, which is partially grounded in "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I; *see Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (2002); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). And that right extends to habeas petitions. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). But the First Amendment's right of access to the courts is not absolute. *See McDonald v. Smith*, 472 U.S. 479, 484 (1985). It does not give prisoners an unqualified right to file habeas petitions whenever they want, in whatever form they want, however many times they want. It does not, for example, give claimants the right to assert baseless or frivolous claims, *see Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 743 (1983), or require the State to ensure that a prisoner "litigate effectively once in court," *see Lewis*, 518 U.S. at 354. The Petition Clause affords petitioners only a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," *id*. at 351 (internal quotation marks omitted).

By imposing a one-year statute of limitations on habeas petitions, AEDPA does not remove this reasonable opportunity. Claimants have one year from the date their state conviction becomes "final" to file a petition. And even that period is tolled while the claimant seeks collateral review in the state courts, as happened here. Hill offered no explanation to the district court why he could not file his petition within this window, and he offers none now. He instead maintains that the Petition Clause prevents Congress from placing *any* limitation on the filing of a habeas petition. Yet, in the habeas context, the Supreme Court has consistently sustained limitations on habeas filings stemming from "historical usage, statutory developments, and judicial decisions," *McCleskey v. Zant*, 499 U.S. 467, 489 (1991), including restrictions on successive habeas petitions, *Felker*, 518 U.S. at 664, petitions containing both exhausted and unexhausted claims, *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005), petitions containing claims that were procedurally defaulted in the state courts, *Dretke v. Haley*, 541 U.S. 386, 392–93 (2004), and claims in which the petitioner waited too long to seek relief, *Day v. McDonough*, 547 U.S. 198, 209–210 (2006).

Nothing about Hill's argument, moreover, limits itself to the habeas context. If he is right, *any* statute of repose would violate the Petition Clause or at least implicate it. That conclusion would have come as a surprise to the framers and ratifiers of the First Amendment, who in 1791 lived in a legal world filled with statutes of limitations. *See, e.g.*, *Levy v. Stewart*, 78 U.S. 244, 249 (1870); *Ogden v. Witherspoon*, 18 F. Cas. 618 (C.C.D.N.C. 1802); *see also* Alan L. Adlestein, *Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial*, 37 Wm. & Mary L. Rev. 199, 249 n.222, 252 & n.233 (1995).

In addressing Hill's request for a certificate of appealability on this issue, however, there is one rub. This court has never addressed this particular constitutional argument, and one might posit that we should grant a certificate whenever that is the case. Yet to this court's knowledge no court (or judge) has ever adopted that across-the-board view, and it makes little sense. Just as the court has never addressed a Petition-Clause challenge to the one-year limitations period in AEDPA, it has never held that AEDPA does not violate countless other constitutional guarantees, whether it is the Twelfth, the Nineteenth or the Twenty-Seventh Amendments or some other Amendment. The test for issuing a certificate of appealability is not whether the argument previously has been considered but whether reasonable jurists could debate the outcome. While the lack of precedent on an issue might inform that decision, it does not control it.

Here, a limitations period does not prevent an individual from petitioning the government; it just explains when he must do so. And that presumably is why every other federal court to address this claim has rejected it. *See Lockett v. Day*, No. 00-30461, 2001 WL 822505, at *1 (5th Cir. June 20, 2001) (per curiam); *Hart v. Webb*, No. 5:07CV-P28-R, 2008 WL 3992675, at *1 (W.D. Ky. Aug. 26, 2008); *Martinez Cedillo v. United States*, No. 01-416, 2005 WL 2620515, at *3–4 (D. Or. Oct. 7, 2005); *Lamkin v. Cockrell*, No. 02-0426, 2003 WL 22244962, at *3 (W.D. Tex. Sept. 30, 2003).

III.

For these reasons, the application for a certificate of appealability is denied and the companion motion to proceed in forma pauperis is denied as moot.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk