FILED
United States Court of Appeals
Tenth Circuit

August 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JESSE JAMES CHIDESTER,

Petitioner–Appellant,

v.

GREG PROVINCE, Warden,

Respondent–Appellee.

No. 11-6100
(D.C. No. 5:10-CV-00731-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Jesse Chidester, a state prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to contest the district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

According to his habeas petition, Chidester pled guilty to first-degree murder in Oklahoma state court on January 14, 2008. He did not appeal. On February 22, 2010,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Chidester proceeds pro se, we liberally construe his pleadings. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998).

Chidester filed an application for post-conviction relief with the Pottawatomie County District Court, seeking to appeal out of time. His application was denied and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

Chidester then filed this § 2254 petition in the United States District Court for the Western District of Oklahoma, arguing: (1) that his counsel was ineffective for failing to file an appeal; and (2) that the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") violates the Suspension Clause, U.S. Const. Art. I, § 9, cl. 2. Rejecting the former argument as time-barred and the latter on the merits, the district court dismissed Chidester's § 2254 petition. Chidester timely appeals.

**II**

Because Chidester did not receive a COA from the district court, he may not appeal the district court's decision unless we grant a COA. See 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). When the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added).

## III

### A

Chidester's ineffective assistance claim is time-barred. AEDPA bars habeas petitions filed by state prisoners more than a year after "the date on which the [state court's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "Direct review" includes an Oklahoma appeal filed out of time pursuant to OCCA Rule 2.1(E), which allows a convicted person to petition the trial court for such an opportunity. Orange v. Calbone, 318 F.3d 1167, 1170-71 (10th Cir. 2003). But unlike the petitioner in Orange, Chidester was not granted leave to file an appeal out of time. Thus, his conviction became final on January 24, 2008, ten days after he pled guilty, see OCCA R. 4.2(D), and the AEDPA limitation period ended one year later. His § 2254 petition filed in July 2010 was untimely.[2]

### B

Chidester's argument that AEDPA's limitation period constitutes a violation of the Suspension Clause is unavailing. We have concluded that, as a general matter, the one-

_____

[2] The magistrate's report and recommendation correctly explained why Chidester is not entitled to statutory or equitable tolling. He filed his state post-conviction motion on February 22, 2010, but "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); see also 28 U.S.C. § 2244(d)(2). And equitable tolling is appropriate only if a petitioner shows diligent pursuit of his rights and an extraordinary barrier to such pursuit. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Chidester has not made such a showing. Cf. Laurson v. Leyba, 507 F.3d 1230, 1232-33 (10th Cir. 2007) (discussing the circumstances under which actual innocence may be a basis for equitable tolling).

year limitation is not an unconstitutional suspension of the writ. <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998); <u>see also</u> <u>Hill v. Dailey</u>, 557 F.3d 437, 438 (6th Cir. 2009) (noting federal appeals courts' consensus on this question). In <u>Miller</u>, we suggested that there might "be circumstances where the limitation period at least raises serious constitutional questions." 141 F.3d at 978. But Chidester has not identified any such circumstance in the case before us. <u>Cf.</u> <u>Miller</u>, 141 F.3d at 977 ("The burden is on the petitioner to demonstrate inadequacy and ineffectiveness."). As we noted in <u>Miller</u>, equitable tolling and statutory exceptions provide an adequate and effective remedy, which is all the Suspension Clause requires. <u>See</u> <u>id.</u> at 978.

## IV

We **DENY** a COA and **DISMISS** the appeal. Chidester's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-