FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALTER ELIYAH THODY,

Defendant - Appellant.

No. 14-7000
(D.C. No. 6:91-CR-00051-FHS-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 1991, a federal jury found appellant, Walter Eliyah Thody, guilty of two counts of bank robbery, one count of possession of a firearm by a convicted felon,

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

two counts of using or carrying a firearm during commission of a violent crime, and one count of conspiracy. Thody's convictions were affirmed by this court. *United States v. Thody*, 978 F.2d 625 (10th Cir. 1992). Thody did not file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Instead, on May 19, 2011, he filed a petition for writ of coram nobis, seeking reversal of one of his convictions for using or carrying a firearm during a violent crime. The district court denied relief and this court affirmed. *United States v. Thody*, 460 F. App'x 776, 779-80 (10th Cir. 2012). We rejected Thody's argument the district court erred by not construing his coram nobis petition as a § 2255 motion, ruling he was "barred from filing a § 2255 motion" because the one-year limitations period set out in 28 U.S.C. § 2255(f) had expired. *Id*. at 780-81.

On August 2, 2013, Thody filed a "Motion to Dismiss Conviction and Vacate Sentence on Count 6." After first concluding it had no power under 18 U.S.C. § 3582 to modify Thody's sentence, the district court next concluded the motion could not be construed as one filed pursuant to 28 U.S.C. § 2255 because such a motion would be time barred. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding district court did not err by refusing to recharacterize the defendant's motion as one pursuant to 28 U.S.C. § 2255 because "such a motion would, at least facially, be barred as untimely" (quotation omitted)). Thody did not seek to appeal the district court's dismissal of his motion. However, on October 28, 2013, he initiated the instant matter by

filing a document styled, "Motion to Vacate Convictions and Sentences for Counts 5 and 6 for Court's Lack of Original Jurisdiction to Unconstitutionally Twice Jeopardize Defendant for Same Conduct." In an attempt to circumvent the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Thody urged the district court to construe his motion as a challenge to the jurisdiction of the trial court, not a motion "for modification of sentence, or correction or [sic] erroneous conviction." The district court concluded there was no jurisdictional basis for Thody's motion other than § 2255 and dismissed it, again concluding it would be time barred if construed as a § 2255 motion. *See id.*

This court reviews jurisdictional issues *de novo*. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). It is well-settled that "[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (quotation omitted). Because of the jurisdictional limitation imposed by the AEDPA, a federal prisoner must use § 2255 to collaterally attack his conviction or sentence unless he can show that § 2255 is either inadequate or ineffective. *Hill v. Dailey*, 557 F.3d 437, 439-40 (10th Cir. 2009); *see also Sines v. Wilner*, 609 F.3d 1070, 1073-74 (10th Cir. 2010) (discussing the circumstances under which § 2255 could be inadequate or ineffective). Because Thody has failed to show that § 2255 is inadequate or

ineffective, the district court did not err in concluding it lacked jurisdiction to consider his motion.

In its order, the district court also addressed the merits of Thody's double jeopardy claims. In his appellate brief, Thody argues extensively that the district court's analysis was erroneous. Because the district court correctly concluded there was no jurisdictional basis for Thody's motion, the portion of the court's order dated December 18, 2013, addressing Thody's claims on the merits is **vacated** and Thody's appellate argument is rendered moot. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."). The district court's order is otherwise **affirmed**. Thody's motion to proceed *in forma pauperis* on appeal is **granted**. All other outstanding motions are **denied**.[2]

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]The Government requests that this court impose filing restrictions on Thody to curb his prolific and inappropriate motions. Because the district court imposed restrictions requiring Thody to petition that court before filing motions on issues previously ruled upon, the relief the Government requests from this court is unnecessary and is, therefore, **denied**.

-4-