NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DONALD W. PARK, KATHLEEN A. PARK,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-1738

_____

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01656-EGB, Senior Judge Eric G. Bruggink.

_____

Decided:  December 6, 2023

_____

DONALD W. PARK, Hemet, CA, pro se.

KATHLEEN A. PARK, Hemet, CA, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

_____

Before DYK, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Donald Park, a veteran of the United States Navy, and his wife, Kathleen, appeal pro se from a decision of the Court of Federal Claims ("Claims Court"), dismissing their complaint *sua sponte* for lack of subject matter jurisdiction. The Claims Court held that the Parks' claims were time-barred under 28 U.S.C. § 2501. We *affirm.*

## BACKGROUND

Mr. Park served in the United States Navy for over 24 years. In 1987, Mr. Park was required to participate in a Level III alcohol rehabilitation treatment program, following an alcohol abuse report from his command. Mr. Park alleges that he was wrongfully incarcerated at an alcohol rehabilitation facility against his will, that his rank was reduced by four pay grades, that he was denied further promotions, and that he was forced to retire in 1993.

In 2020, Mr. Park applied to the Board of Correction of Naval Records ("BCNR") for a review of his service record, requesting corrections regarding his demotions and removal of unfavorable information. On February 10, 2022, the BCNR granted partial relief by redacting the words "diagnosed as an alcoholic" from his first special fitness report. All other requested relief was denied.

The Parks then filed a complaint with the Claims Court, seeking relief from the refusal of the Board to correct various other alleged errors in Mr. Park's service record and monetary relief. After the initial complaint was amended, the Claims Court concluded that the Parks' claims accrued no later than 1993 and were barred by the statute of limitations, so dismissed the amended complaint *sua sponte* for lack of subject matter jurisdiction. The Claims Court also denied the Parks' motion to transfer to the Central District of California.

We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, the Parks raise for the first time the question of whether two statutes of limitations, 28 U.S.C. § 2401 and 28 U.S.C. § 2501, unconstitutionally abridge the right to petition the government for a redress of grievances, in violation of the First Amendment. The Parks never challenged these statutes nor raised any argument as to their constitutionality before the Claims Court. Their arguments are therefore forfeited. They are, in any event, wholly without merit. *See Hill v. Dailey*, 557 F.3d 437, 439 (6th Cir. 2009). We also see no basis for transferring this case.

## AFFIRMED

### COSTS

No costs.